# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**HEATHER TREDICK**                                                                 **CIVIL ACTION**

**VERSUS**

**BAZUNU D. EKUGBERE, ET AL.**                                      **NO. 17-103-JWD-RLB**

## ORDER

Before the Court is Defendants' Motion to Compel Discovery Responses (R. Doc. 9) filed on May 26, 2017. Plaintiff did not file an opposition to the instant motion within 21 days after service of the motion. Accordingly, the motion is unopposed. LR 7(f).

## I.     Background

This is a personal injury action involving a motor vehicle collision. (R. Doc. 1-2). Heather Tredrick ("Plaintiff") named as defendants the other driver, Bazunu D. Ekugbere, and his insurer, Farm Bureau General Insurance Company of Michigan (collectively, "Defendants").

On February 23, 2017, Defendants removed this action, asserting that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (R. Doc. 1).

On March 23, 2017, Defendants propounded Interrogatories and Requests for Production of Documents on Plaintiff. (R. Doc. 9-3).[1] Having received no responses within 30 days of service of the discovery, Defendants scheduled a Rule 37 discovery conference to be held on May 2, 2017. (R. Doc. 9-4). Defendants represent that at the Rule 37 discovery conference,

---

[1] The interrogatories and requests for production propounded by Defendants were purportedly issued pursuant to the Louisiana Code of Civil Procedure. (R. Doc. 9-3 at 2; R. Doc. 9-3 at 12). Because the discovery was issued after removal, they are governed by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 81(c) ("These rules apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal.").

Defendants granted a two week extension to respond to the discovery requests. (R. Doc. 9-4; R. Doc. 9-2 at 1).[2]

On May 26, 2017, having received no responses within the extension provided, Defendants filed the instant Motion. (R. Doc. 9-1 at 1). Defendants seek an order compelling Plaintiff to respond to the discovery requests and for an award of reasonable expenses incurred in bringing the Motion. (R. Doc. 9-1 at 3-4).

## II.     Law and Analysis

### A.     Legal Standards

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

---

[2] The motion is accompanied by a "Certificate of Compliance" purportedly issued pursuant to Local Civil Rule 37.1 of the U.S. District Court for the Western District of Louisiana. (R. Doc. 9-2). The certification meets the requirements of Rule 37(a)(1) of the Federal Rules of Civil Procedure.

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

Rules 33 and 34 provide a party with 30 days after service of the discovery to respond or object. *See* Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A). If a party fails to respond fully to discovery requests made pursuant as to Rules 33 and 34 in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel disclosure and for appropriate sanctions under Rule 37. An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

### B. Defendants' Interrogatories

"Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." *See* Fed. R. Civ. P. 33(a)(1). Here, Defendants propounded 31 interrogatories. (R. Doc. 9-3 at 2-10). Defendants have not submitted any evidence that the parties stipulated that each party may serve more than 25 written interrogatories. Moreover, the Court has not issued an order allowing the parties to exceed 25 interrogatories, and finds no basis for doing so at this time.

Based on the foregoing, the Court will deny Defendants' Motion to the extent it seeks an order compelling responses to Defendants' Interrogatories.

C.  **Defendants' Requests for Production**

Plaintiff did not object to or otherwise respond to Defendants' Requests for Production within the time provided by law and agreement of the parties. Accordingly, with the exception of any applicable privileges and/or immunities, Plaintiff has waived her objections to Defendants' Requests for Production. *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); *B&S Equip. Co. v. Truckla Servs., Inc.*, No. 09-3862, 2011 WL 2637289, at *6 (E.D. La. July 6, 2011) (finding waiver of all objections to "discovery requests based on relevance, unduly burdensome, over broad, or any other objection not grounded on the attorney client or the work product privilege.").

Based on the foregoing, the Court will require Plaintiff to respond to Defendants' Requests for Production Nos.1-12, 14-15, 17-19, and 21-22 within any objections, with the exception of any applicable privileges and/or immunities. The Court will not, however, require Plaintiff to respond to Defendants' Requests for Production Nos. 13, 16, or 20 because those requests presuppose that Plaintiff has provided responses to Defendants' Interrogatories.

D.  **Defendants' Request for Expenses**

Defendants seek to recover reasonable expenses, including attorney's fees, pursuant to Rule 37(a)(5)(A), which requires the Court to award reasonable fees if a motion to compel is granted, unless certain exceptions or circumstances apply. Fed. R. Civ. P. 37(a)(5)(A).

The Court has denied Defendants' motion in part to the extent it seeks an order requiring responses to Defendants' Interrogatories and to the extent it seeks responses to certain requests for production. Under these circumstances, the Court may "apportion the reasonable expenses for the motion" after "giving an opportunity to be heard." Fed. R. Civ. P. 37(a)(5)(C).

Considering the record, the Court finds it appropriate to order the parties to bear their own costs with regard to the instant Motion to Compel. Plaintiff and her counsel are warned, however, that failure to comply with this Order will result in sanctions, including but not limited to attorney's fees in costs. The Court is also ordering the parties to confer regarding the status of discovery in order to avoid any unnecessary motion practice in the future.

### III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Defendants' Motion to Compel (R. Doc. 9) is **GRANTED IN PART and DENIED IN PART** as provided in the body of this Order.

**IT IS FURTHER ORDERED** that Plaintiff must respond to Defendants' Requests for Production Nos. 1-12, 14-15, 17-19, and 21-22 without objections, with the exception of any applicable privileges and/or immunities, within **7 days of the date of this Order**.

**IT IS FURTHER ORDERED** that the parties shall bear their own costs.

**IT IS FURTHER ORDERED that the lead attorney for plaintiff on the docket, Mr. Curtis Locke Meredith, Jr., and counsel either counsel of record for the defendant, shall personally confer, in phone or in person, within 7 days of this Order, and discuss the status of any anticipated discovery and the plan to complete discovery within the timeframes provided by the Court's Scheduling Order.**

Signed in Baton Rouge, Louisiana, on June 23, 2017.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**